IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CUMIS INSURANCE SOCIETY, INC., *as Subrogee of St. Albert the Great Federal Credit Union*,

        Plaintiff,

   v.

TARA GIBSON a/k/a TARA SHIALABBA and RONALD SHIALABBA

        Defendants.

09cv0939
**ELECTRONICALLY FILED**

### ORDER OF COURT DENYING DEFENDANT'S
### MOTION TO DISMISS AMENDED COMPLAINT (DOC. NO. 8)

After careful consideration of Defendants' Motion to Dismiss Amended Complaint (Doc. No. 8), their Brief in Support and Plaintiff's Brief in Opposition, the Court will deny the motion. Defendants seek to miss the Amended Complaint for various reasons: Count 1 fails to state a cause of action under Pennsylvania law, and instead appears to be a premature effort to satisfy a Bankruptcy Code exception to discharge; Counts 1-3 and 6 sound in fraud and are governed by Rule 9(b), but they fail to plead causes of action and fail to meet the specific pleading requirements of Rule 9(b); all counts of the Amended Complaint are barred by the "gist of the action" rule because the other claims are fundamentally based on contract ; and failure to join a necessary party.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951. It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007).

Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of plaintiff's Amended Complaint, when taken as true, state enough facts to support their various claims for relief that are plausible on their face, at this stage of the proceedings.

Moreover, the Court finds that plaintiff has set forth sufficient allegations in support of its fraud claims to withstand preliminary scrutiny under Fed.R.Civ.P. 9(b).   Accordingly,

**AND NOW, this 28th day of October, 2009, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Amended Complaint (Doc. No. 8) **IS DENIED**, without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time, following discovery.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties